IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



| | | |
|---|---|---|
| ENSCO OFFSHORE COMPANY<br>*Plaintiff* | § § § § | |
| v. | § § | CIVIL ACTION NO. : 2:19cv128-KS-MTP |
| GREGORY CORNELIUS TURNER<br>*Defendant* | § § § § | **IN ADMIRALTY** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, ENSCO Offshore Company (hereinafter "Ensco" or "Plaintiff"), files this Complaint for Declaratory Relief under 28 U.S.C. §§ 2201(a) and 2202 and Rule 57 of the Federal Rules of Civil Procedure requesting that this Court declare the rights, liabilities and other legal relationships between Ensco and Gregory Cornelius Turner (hereinafter "Turner" or "Defendant"), pursuant to applicable admiralty law.

## PARTIES

1.      Plaintiff, ENSCO Offshore Company is a Delaware corporation with its principal place of business in Texas.

2.      Upon information and belief, Defendant, Gregory Cornelius Turner, resides at 80 Tom Lewis Road, Tylertown, Mississippi 39667. He can be served at this address or wherever he may be found.

## JURISDICTION AND VENUE

3.      This is an admiralty and maritime claim within the meaning of 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to Art. III, § 2, cl. 1 of the United

1

States Constitution, because the facts and events underlying the subject dispute occurred on navigable waters involving maritime commerce.  See also 28 U.S.C. §§ 1331 and 1333.

4.      Plaintiff brings this action for Declaratory Judgment pursuant to 28 U.S.C. §2201. Maintenance and cure issues, such as those presented in this case, present a justiciable controversy for purposes of maintaining an action under the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.      Venue is proper in this Honorable Court, pursuant to 28 U.S.C. § 1391(b)(1), because Defendant resides in Tylertown, Mississippi, which is located within the Eastern Division of the United States District Court for the Southern District of Mississippi.

**FACTS**

6.      Turner was employed by Ensco as a galleyhand on Rig 102, located in the Gulf of Mexico.  On or about October 24, 2018, Turner went to the medic on Rig 102, complaining of pain in his lower abdomen.  Over a period of days, Turner stated he had pain in his lower abdomen and that he was concerned his prostate was inflamed.  However, Turner asked not to be examined, stating he did not want any paperwork completed concerning this illness.  Information in his medical records indicates he had previously complained of the same pain when not aboard Rig 102.  In fact, Turner certified he had not had any injury of any kind each day from October 22, 2018, until he left the rig on October 31, 2018. At his request for permission to see his private doctor, Turner was transported from offshore to land on October 31, 2018.  Turner's hitch had been scheduled to end sometime around the first week of November, 2018.

7.      On or about December 3, 2018, Turner claimed he had ruptured a disc in his back during his last hitch while unloading groceries.

8.      Turner has been treating with medical professionals in Hattiesburg, Mississippi. The medical records obtained to date reveal Turner was treating for back symptomology prior to coming in from offshore and that Turner informed at least one of his treating physicians that it was not a work-related injury.

9.      Without waiving any of its rights to rely on certain legal defenses to legitimately question Tuner's maintenance and cure claim, Ensco initiated maintenance and cure payments to Turner.

10.     Primarily, in order to be entitled to maintenance and cure, Turner must have been injured while in the ship's service.

11.     Another defense is that Turner willfully concealed a preexisting medical condition from Ensco.   There is no obligation to pay maintenance and cure to Turner if (1) Turner intentionally misrepresented or concealed medical facts; (2) the non-disclosed facts were material to Ensco's decision to hire Turner; and (3) a connection exists between the withheld information and injuries complained of.

12.     Likewise, a seaman such as Turner is not entitled to maintenance and cure after he reaches maximum medical cure, nor is there any obligation to pay maintenance and cure if the seaman deserts his vessel without a justifiable reason.

## REQUEST FOR DECLARATORY RELIEF

13.     Ensco seeks a judgment declaring that it has no further obligation to continue maintenance and cure payments to Turner in light of the following: Turner's inability or failure to substantiate that his alleged back injury occurred in the service of the vessel; Turner's failure to accurately disclose his medical history and prior medical conditions on his application for

employment with Ensco; Turner's maximum medical cure; and/or Turner's willful desertion of the vessel without a justifiable reason.

## PRAYER

WHEREFORE, Plaintiff, ENSCO Offshore Company, seeks a judgment from this Court declaring that Defendant, Gregory Cornelius Turner, is not entitled to maintenance and cure from the Plaintiff for the reasons set out in this Complaint and for all other relief as may be just and proper.

Respectfully submitted, this the 5th day of September, 2019.

ENSCO OFFSHORE COMPANY

By: _____
KATHRYN BREARD PLATT (#102141)
JENNIFER M. YOUNG (MSB#103758)
GALLOWAY, JOHNSON, TOMPKINS,
  BURR & SMITH, APLC
2510 14th Street, Suite 910
Gulfport, MS 39501
Telephone: 228-214-4250
Facsimile: 228-214-9650
Email: kplatt@gallowaylawfirm.com
Email: jyoung@gallowaylawfirm.com
*Attorneys for Plaintiff*