# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**ENSCO OFFSHORE COMPANY**                                           **PLAINTIFF**

**v.**                         **CIVIL ACTION NO. 2:19-CV-128-KS-MTP**

**GREGORY CORNELIUS TURNER**                                  **DEFENDANT**

## ORDER

For the reasons provided below, the Court **denies** Defendant's Motion for Reconsideration [11].

### A.   *Background*

Plaintiff employed Defendant on an oil rig in the Gulf of Mexico. Defendant apparently submitted maintenance and cure claims arising from an alleged back injury suffered in the service of the vessel. Plaintiff seeks a declaratory judgment that it has no further obligation to continue maintenance and cure payments to Defendant, for several different reasons. Defendant filed a Motion to Dismiss [5], arguing that a declaratory judgment was not available to adjudicate personal injury claims, and that the Court should dismiss this case because there was a parallel proceeding in state court in Texas.

The Court denied the motion, noting that maintenance-and-cure issues such as those presented by this case present justiciable controversies under the Declaratory Judgment Act. *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). The Court noted that there are circumstances in which a district court may, in

its discretion, deny a request for declaratory relief "because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated." *Id.* at 29. But Defendant did not address any of the factors which the Court is required to consider. *See, e.g. id.*; *Magnolia Marine Transp. Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1581 (5th Cir. 1992). Therefore, the Court found that Defendant had not demonstrated that the Court should dismiss Plaintiff's request for declaratory judgment because of the pending state-court proceeding. Defendant filed a Motion for Reconsideration [11], which the Court now considers.

### B.    *Standard of Review*

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Defendant's Motion for Reconsideration [11] was filed within twenty-eight days of the Court's previous order. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct

2

a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App=x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

## C. Discussion

Defendant has not cited an intervening change in the controlling law or any new evidence that was previously unavailable. Therefore, the Court assumes that Defendant believes the Court's prior ruling was clearly erroneous, or that reconsideration is necessary to prevent manifest injustice. Defendant argues that the Court should decline to exercise its discretion to hear Plaintiff's declaratory judgment action because there is a parallel proceeding underway in a Texas court where the same claims can be adequately adjudicated.

When considering a declaratory judgment action, a district court must engage in a three-step inquiry. The court must ask (1) whether an actual controversy exists between the parties in the case; (2) whether it has authority to grant declaratory

relief; and (3) whether to exercise its broad discretion to decide or dismiss a declaratory judgment action. *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000).

The Fifth Circuit has set out certain factors which the Court should consider "in deciding whether to grant declaratory relief, or to stay or dismiss a declaratory judgment suit in deference to a state court action involving the same parties and issues." *Magnolia Marine*, 964 F.2d at 1581. The Court may dismiss a declaratory judgment action in deference to a parallel state-court proceeding "because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, because of possible inequities in permitting the plaintiff to gain precedence in time and forum, or because of inconvenience to the parties or the witnesses." *Rowan*, 876 F.2d at 29. The Court should also consider "whether retaining the lawsuit would serve the purposes of judicial economy," and "whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590-91 (5th Cir. 1994).

"Fundamentally, the district court should determine whether the state action provides an adequate vehicle for adjudicating the claims of the parties and whether the federal action serves some purpose beyond mere duplication of effort." *Magnolia Marine*, 964 F.2d at 1581. "The district court should consider denying declaratory

4

relief to avoid gratuitous interference with the orderly and comprehensive disposition of a state court litigation if the claims of all parties . . . can satisfactorily be adjudicated in the state court proceeding." *Id.* But "the presence of a related state proceeding does not automatically require a district court to dismiss a federal declaratory judgment action." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 394 (5th Cir. 2003). Moreover, "[m]erely filing a declaratory judgment action in federal court with jurisdiction to hear it, in anticipation of state court litigation, is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391.

Defendant has not provided the Court with a copy of the state-court complaint. Therefore, the Court can not evaluate the cases to determine whether they present the same issues. Moreover, Defendant has not provided the Court with a copy of the docket sheet or some other documentation from which the Court can determine which case was filed first. However, Plaintiff represented in briefing that the Defendant filed the state-court case on December 3, 2019 – approximately two weeks *after* he was served with process in the present case, and just two days before he filed the previously denied Motion to Dismiss [5]. Finally, Defendant has not provided any argument concerning the potential inconvenience to the parties or witnesses. But Defendant is a resident of Mississippi, and Plaintiff represented in its briefing that Defendant has obtained medical treatment in Mississippi. Accordingly, the Court concludes that Defendant has not demonstrated that the Court should decline to

5

exercise its power to hear Plaintiff's declaratory judgment action.

## D. *Conclusion*

For these reasons, the Court **denies** Defendant's Motion for Reconsideration [11].

SO ORDERED AND ADJUDGED this 4th day of March, 2020.

                                               /s/ Keith Starrett
                                                        KEITH STARRETT
                                         UNITED STATES DISTRICT JUDGE